# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **RICKEY H. CHESNEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL NO. 3:13-CV-00240-MOC |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Pursuant to the power of this Court to award fees to a prevailing party, other than the United States, incurred by that party in a civil action against the United States, including proceedings for judicial review of agency action, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), and in light of this Court's November 27, 2013 Order and Judgment, remanding this case to the defendant for further administrative proceedings,

**IT IS HEREBY ORDERED** that the joint Motion for Attorney Fees Under the Equal Access to Justice Act (#17) is **GRANTED**, United States Social Security Administration shall pay attorney's fees in the amount of five thousand, two hundred and fifty eight dollars, and thirty five cents ($5,258.35), in full satisfaction of any and all attorney's fee claims Plaintiff may have in this case under EAJA. Pursuant to the United States Supreme Court's ruling in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), these attorney's fees are payable to Plaintiff as the prevailing party, and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the government. If, subsequent to the entry of the Court's EAJA Order, the Commissioner determines that Plaintiff owes no debt to the government that

would subject this award of attorney fees to offset, the Commissioner may honor Plaintiff's March 8, 2013 signed assignment of EAJA fees providing for payment of the subject fees to Plaintiff's counsel, rather than to Plaintiff.  If, however, the Commissioner discovers that Plaintiff owes the government any debt subject to offset, the Commissioner shall pay any attorney fees remaining after such offset to Plaintiff, rather than to counsel.

Max O. Cogburn Jr.
United States District Judge